**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

COACH, INC. and COACH SERVICES, INC.,

    Plaintiffs,

v.                                                                      Case No. 10-14747

JUST ONE DOLLAR STORE PLUS, et al.,

    Defendants.
                                                    /

**OPINION AND ORDER GRANTING DEFENDANT NASIR DAWOOD'S
MOTION TO SET ASIDE DEFAULT JUDGMENT**

The court entered a default judgment against Defendants Nasir Dawood and Kammie, Inc., in the amount of $1,007,682.94, on July 5, 2011. Dawood has moved the court to set aside the default judgment, and Plaintiff has responded to the motion. No hearing is necessary, see E.D. Mich. LR 7.1(f)(2), and the default judgment will be set aside with respect to Dawood.

**I. BACKGROUND**

Plaintiffs filed this trademark case on November 30, 2010. All four originally-named Defendants failed to answer the complaint, and the clerk of the court entered default against them on March 4, 2011. Plaintiffs moved for default judgment. Just before the June 28, 2011, hearing on the motion, counsel appeared for Defendants Just One Dollar Store Plus ("Just One") and Rox Enterprises, Inc. ("Rox") and moved to set aside the default. The court entered a default judgment against Dawood and Kammie, Inc., after the June 28 hearing, as memorialized in a June 29, 2011, order. Plaintiffs then agreed to have the default against Just One and Rox set aside, and the court

entered a stipulation and order to that effect on July 12, 2011. On July 18, 2011, Plaintiffs amended the complaint and added a fifth Defendant. On July 29, 2011, counsel appeared on behalf of Dawood and filed the pending motion.

## II. STANDARD

"The court . . . may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

"Courts apply Rule 60(b)(1) 'equitably and liberally . . . to achieve substantial justice.'" *Burrell v. Henderson*, 434 F.3d 826, 832 (6th Cir. 2006) (quoting *Williams v. Meyer*, 346 F.3d 607, 613 (6th Cir. 2003)). "In cases that have not been heard on the merits, the determination of whether neglect is excusable takes into account the length and reasons for the delay, the impact on the case and judicial proceedings, and whether the movant requesting relief has acted in good faith." *Id.* "In deciding whether relief is warranted, three factors are relevant: (1) whether the party seeking relief is culpable; (2) whether the party opposing relief will be prejudiced; and (3) whether the party seeking relief has a meritorious claim or defense." *Williams*, 346 F.3d at 613 (citing *United Coin Meter v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983)). A defendant must satisfy the "culpability" prong by showing "mistake, inadvertence, surprise, or excusable neglect" before he may illustrate that he has satisfied the latter two. *Id.*; *Burrell*, 434 F.3d at 832.

The catch-all of Rule 60(b)(6) "should only be applied in 'unusual and extreme situations where principles of equity mandate relief.'" *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 597 (6th Cir. 2006) (quoting *Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001)). "Rule 60(b)(6) . . . applies in 'exceptional or extraordinary circumstances which are not addressed in the first five numbered sections of the rule.'" *Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 433 (6th Cir. 1996) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)).

Two policy concerns are at odds when considering a motion to set aside a default judgment: the court has an interest in maintaining the finality of judgments, but also in resolving cases on the merits. *Burrell*, 434 F.3d at 832.

### III. DISCUSSION

The court will set the default judgment aside on the basis of "mistake" and "excusable neglect," Fed. R. Civ. P. 60(b)(1), and therefore need not reach the analysis under the sixth clause of Rule 60(b).

Dawood's motion asserts that he is a novice in the ways of litigation. Dawood appears to have owned Kammie, Inc., with Samir Dawood, who is not a party to the case.[1] He claims he sold all of his interest in Kammie, Inc., and in Just One, as did Samir, to Rox and Rox's president, Laith Putrus, who is the recently added Defendant. The sale occurred in 2008. As the complaint contains allegations that knock-off Coach

---

[1] Unfortunately, the motion does not clearly distinguish between Nasir and Samir Dawood, which led to some confusion in Plaintiffs' response. However, the attachments to the motion indicating the sale of Kammie, Inc., make clear that they are in fact different people. Samir was the president of the company, and Nasir was its secretary.

3

merchandise was being sold by Just One only since 2010, Dawood argues he should be dismissed from the case.  Attached to the motion are documents produced in the sale of the business, as well as an affidavit from Dawood, in which he states he sold his entire interest in the business in 2008, and that he never sold Coach knock-offs.  Dawood asserts that he thought he could be dismissed from the case by asking Rox and Putrus to inform Plaintiffs that he no longer had any interest in the business.

Plaintiffs respond that this attempt to set aside the default judgment amounts to too little, too late.  Plaintiffs correctly recount the procedural history of the case, observing that Dawood had proper notice of the proceedings and failed to respond to the lawsuit from its commencement in November 2010 until after default judgment was entered against him in July 2011.  Plaintiffs quite rightly assert that Dawood could have asserted his defense—that he holds no interest in the offending business—any time during the course of the suit.  Plaintiffs adamantly emphasize that Dawood "should have done *something – anything*" before the default judgment was entered, and opine that "[o]ur system of justice cannot function if such utter disregard for the most basic requirements of civil practice is rewarded" through setting aside the default judgment.  Finally, Plaintiffs express a healthy skepticism of Dawood's asserted naivety in litigation, pointing to his background in business.

Plaintiffs are unquestionably correct that Dawood should have responded to the suit before a default judgment was entered against him.  Dawood's refusal to participate in the suit was not only irresponsible, it was foolish.  While it may have seemed preferable to avoid legal fees at the time the suit was served by simply hoping it would go away, if Dawood in fact has no exposure to liability in connection with this case, he

would have saved himself much time, effort, and worry by retaining counsel to clear the matter up or to file a brief motion to dismiss on his behalf.  Instead, Dawood's negligence has placed him in the precarious position of awaiting the court's discretionary decision as to whether a judgment of more than one million dollars should be left in place against him.

However, this negligence does not rise to the level of culpability as that term has evolved in case law.  "'To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on judicial proceedings.'" *Thompson*, 95 F.3d at 433 (quoting *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 399 (6th Cir. 1996)).  There is no evidence of such intent or reckless disregard here.

Indeed, it is likely that there was no such intent or recklessness because the disregard of judicial proceedings, as noted, could have resulted in Dawood's exposure to substantial liability.  An adverse judgment of more than one millions dollars would be, for many people, a life-altering event.  Dawood is not "culpable" in the meaning of that word in the Rule 60(b)(1) jurisprudence, because his "failure to grasp the seriousness of the situation is evident." *Burrell*, 434 F.3d at 833.  Especially where, as here, a defendant claims he had no hand in the underlying conduct alleged in the complaint, the court cannot "achieve substantial justice" by leaving such a judgment in place.  Thus, the court finds Dawood was mistaken in his belief that he could be dismissed from the case by telling another Defendant to convey to Plaintiffs that he should be dismissed, and his neglect in failing to defend, placing himself in peril of being subject to a judgment in the millions, is excusable.

Plaintiffs will not be seriously prejudiced by having the default judgment set aside. In order to show prejudice under Rule 55, a plaintiff must show that a "delay would result in a loss of evidence, increased opportunities for fraud, or discovery difficulties." *Burrell*, 434 F.3d at 835. Plaintiffs have made no assertion of these sources of prejudice. While Plaintiffs have encountered some additional expense in pursuing the default judgment, and while they might prefer it to remain in place, there is no serious prejudice if, assuming for the moment that Dawood's claims are true, Plaintiffs were never entitled to a judgment against Dawood. Even if Dawood's assertions are false, then his liability will be adjudicated on the merits. Moreover, as Plaintiffs have added another Defendant who is not yet served, and the default was set aside with respect to two Defendants, the case will progress with or without Dawood. Thus, any additional litigation against Dawood will not unduly prejudice Plaintiffs.

Finally, Dawood appears to have a meritorious defense. All of the allegations in the complaint date from 2010, and Dawood asserts all of his involvement and interest in the business ended in 2008. If Plaintiffs cannot muster evidence of infringing conduct by the business during a time period in which Dawood held an interest, then Dawood is likely to be dismissed from the action.

As all three factors under Rule 60(b)(1) weigh in favor of setting aside the default judgment, the court will do so, and therefore will not reach the Rule 60(b)(6) analysis.

The conclusion of Dawood's motion asks the court not only to set aside the default judgment, but also to dismiss him from the case. The court will not reach the dismissal question at this time, and will instead await a separately filed motion to which Plaintiffs may respond under the Local Rules. Any such motion must contain a

6

statement detailing the actions taken to obtain concurrence in accordance with Local Rule 7.1(a).

## IV. CONCLUSION

Accordingly, IT IS ORDERED that Dawood's "Motion to Set Aside Default Judgment" [Dkt. # 33] is GRANTED. The default judgment [Dkt. # 26] is set aside with respect to Defendant Nasir Dawood.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: August 12, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 12, 2011, by electronic and/or ordinary mail.

        s/Lisa G. Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522